# UNITED STATES DISTRICT COURT

for the

## DISTRICT OF COLORADO

| | |
|---|---|
| Arlene Rosetta-Rangel<br>Brian O'Connell, and<br>Gregory Rutschman, et al.[1]<br><br>    Plaintiffs,<br><br><br>v.<br><br>STATE OF COLORADO,<br>RICK RAEMISCH, in his official capacity as<br>the Executive Director of the Colorado Department<br>of Corrections, and in his individual capacity; and<br>the following previous parties in their capacity as<br>Executive Directors and in their individual<br>capacities ROGER WERHOLTZ, TONY<br>CAROCHI, TOM CLEMENTS,<br>by and through his ESTATE,<br>ARISTEDES ZAVARIS, JOE ORTIZ, and<br>JOHN SUTHERS.<br><br>    Defendants | Civil Action No. _____ |

---

### COMPLAINT

---

[1] As of the filing of this complaint there are 154 Plaintiffs, as set forth in Exhibit "A," attached hereto and incorporated herein by this reference.

Comes now, the Plaintiffs, Arlene Rosetta-Rangel ("Rosetta-Rangel"), Brian O'Connell ("O'Connell") and Gregory Rutschman ("Rutschman") collectively the Plaintiffs, by and through their legal counsel, Blake Embry of Embry & Associates, LLC, and state and allege as follows:

### INTRODUCTION AND NOTICE OF SIMILARITY TO ANOTHER CASE

1. The Plaintiffs allege that the Colorado Department of Corrections, ("CDOC") by and through the named Defendants in this action, have failed and refused, and continue to fail and refuse to monitor and award to inmates within CDOC their mandatory release dates ("MRD") in a timely and appropriate manner consistent with the laws of the State of Colorado.

2. The facts and circumstances of this case are, in part, similar to a case filed on January 2, 2014, styled Randal Ankeney v. the State of Colorado et al Case No. 2014-cv-00007-MSK-KMT ("Ankeney").

3. In Ankeney, whether by request or by operation of law, it appears that the action will be certified under Rule 23 F.R.C.P. as a class action [2], although to be clear the docket is less than replete. In the instant case, as in Ankeney, the Plaintiffs herein allege claims that CDOC has intentionally and knowingly failed and refused to correctly calculate inmates' MRD, and to some extent, inmates' Parole Eligibility Dates ("PED") under Colorado law.

4. The Plaintiffs herein allege a set of circumstances and facts which expands the class of Plaintiffs who may be eligible (as described below) to be included in this action, and the claims include theories for certain time not provided to inmates, which theories are more expansive than those pled in Ankeney.

_____

[2] See Ankeney, docket number 38, correspondence from Anthony Smith dated May 1, 2014, as well as the inference contained within the Complaint in toto.

5. In part, the Defendants, CDOC itself, as well as former and the current Executive Director of CDOC, have intentionally created policies which deny the specific intent of Colorado law. As such, the Defendants' policies do not properly require that the CDOC department of Time Computation ("Time Comp") credit (in essence deduct from the amount of time needed to get to a PED or MRD) good time from inmates' sentences.

6. CDOC has intentionally and consistently calculated an inmate's PED, MRD and statutory discharge dates ("SDDs "), the date when parole ends, in a manner inconsistent with the clear language of Colorado statutes. The claims in Ankeney, and this complaint, do not include certain classes of inmates who would either never be eligible for release or those sex offenders who have a different system applied to their release dates.

7. The claims herein also seeks damages for the time an inmate spends incarcerated in a county jail awaiting trial and sentence, not related to their day-for-day time spent therein, but rather for their good time in county jail. This is entitled "Pre-Sentence Confinement Good Time" and is addressed separately.

8. Concurrent with the filing of this complaint, the Plaintiffs filed a Rule 23(a) and (b) F.R.C.P. Motion for Class Action Designation, and pursuant to Rule 42(a) F.R.C.P. a Motion to Consolidate this case with Ankeney.

## PARTIES

9. The Plaintiff Rosetta-Rangel lives in Litttleton, CO.

10. Plaintiff O'Connell is an inmate within the CDOC and is housed at Delta Correctional Facility at this time.

11. Plaintiff Rutschman is an inmate within the CDOC and is housed at Delta Correctional Facility at this time.

12. The State of Colorado is named as the sovereign State which promulgated the legislation and which is the entity which controls CDOC.

13. Mr. Rick Raemisch, is named as a Defendant in his official capacity as the Executive Director of the CDOC, from July, 2013 until present, and in his individual capacity, for his actions and omissions while he is the Executive director.

14. Mr. Roger Werholtz, is named in his official capacity as Executive Director of the CDOC, from April, 2013 until July, 2013, and in his individual capacity for his actions and omissions while he was the Executive director.

15. Mr. Tony Carochi, is named in his official capacity as Executive Director of the CDOC, from March, 2013 until April 2013, and in his individual capacity for his actions and omissions while he is the Executive director.

16. Mr. Tom Clement's Estate, is named as a defendant in its representative role for his official capacity as Executive Director of the CDOC, from February, 2011 until March, 2013, and in his individual capacity for his actions and omissions while he was the Executive Director.

17. Mr. Aristedes Zavaris is named as a Defendant in his official capacity as the Executive Director of the CDOC, from January, 2007 until January, 2011, and from April, 1993 to January, 1999, and in his individual capacity for his actions and omissions while he was the Executive Director.

18. Mr. Joe Ortiz, is named as a Defendant in his official capacity as Executive Director of the CDOC, from February, 2002 until December, 2006, and in his individual capacity for his actions and omissions while he was the Executive Director.

19. Mr. John Suthers, is named as a Defendant in his official capacity as Executive Director of the CDOC, from January, 1999 until August, 2001, and in his individual capacity for his actions and omissions while he was the Executive Director.

## VENUE AND JURISDCITION

20. At all times relevant to this Complaint, Plaintiffs were, or are, inmates incarcerated within the CDOC.

21. Some Plaintiffs have been released from being incarcerated within the walls of a prison, but may be on Intensive Supervised Parole, regular Parole, or at a community corrections facility (half way house), awaiting application to parole.

22. Some Plaintiffs have been discharged from their MRD or SDD, and have also completed their term of Parole. All Plaintiffs are named and referred to in Exhibit "A" to this Complaint, which Exhibit is incorporated herein by this reference as though fully set forth herein, which list of Plaintiffs will be amended from time to time. Under F.R.C.P. 23(c)(5), there are sub classes of Plaintiffs.

23. At all times relevant to this Complaint, Defendants were residents of Colorado serving as the Executive Directors of the CDOC.

24. As the Executive Directors, these Defendants were responsible to implement all CDOC's practices, protocols and policies. Such practices, protocols and policies included the application of earned time and good time reductions to the inmates' time computations required by law and as applied to all CDOC inmates.

25. These practices, protocols and procedures apply to all time, day for day, which may be credited towards the time when an inmate can achieve his or her MRD or SDD, including those days served within a CDOC facility or a county facility.

26. This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and 42 U.S.C. § 1983.

27. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

28. Jurisdiction supporting Plaintiffs' claims for attorney fees is conferred by 42 U.S.C. § 1988.

29. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391. Defendants are subject to personal jurisdiction in the District of Colorado, and a substantial part of the events at issue in this lawsuit took place in the District of Colorado.

## FACTS

30. Under Colorado law, almost all inmates of CDOC are entitled to be provided, in essence credited, days off of their sentences.

31. Some of these days off are identified, even prior to being sent to CDOC, as an inmate awaits trial, or after trial when an inmate awaits sentence. This time, known as presentence

confinement time, is generally awarded by the trial Court at the time of sentencing. However, presentence confinement time is most often not awarded and is also allowed by statute.

32. Similar to good time awarded by CDOC's Time Comp, inmates are entitled to Presentence Confinement Good Time also under CRS 17-22.5-301(1) and (3). Thus, in viewing the accurate amount of good time which should be credited towards an inmate's PED, MRD, or SDD the court must not only view the time afforded subsequent to sentence but also any Presentence Confinement Good Time otherwise also allowed.

33. By way of example, Plaintiff Rosetta-Rangel spent one year in county jail prior to being sentenced. Therefore, in addition to the good time which should have been awarded to her from the date of her sentence on an ongoing basis while a CDOC facility, she should have also been credited with 180 days of good time for her Presentence Confinement Good Time.

34. Once an inmate is sentenced, and is sent to a CDOC facility, time (days off of a sentence) called "good time", is authorized by C.R.S. § 17-22.5-301(1) and (3). Such good time should allow the inmate a credit against their sentence of 15 days for every month of time the inmate serves.

35. Time which is called "earned time" is authorized by C.R.S. § 17-22.5-302. Such earned time should allow the inmate a credit against their sentence of either 10 or 12 days for every month of time an inmate serves. An inmate sentenced for a violent crime is awarded 10 days per month, while a non-violent offender receives 12 days per month.

36. The CDOC has a department which monitors and applies good time and earned time to the sentence for each and every inmate, called Time Comp. An inmate is not allowed to contact Time Comp while incarcerated, thus, making any consistent and meaningful dialogue with the department problematic.

37. Using the Plaintiff Rosetta-Rangel as an example, she should have been released on May 5, 1999 (this excludes any pre-sentence confinement). In terms of time, Rosetta-Rangel served precisely 839 days past what should have been her proper SDD if good time were applied correctly.

38. Using Plaintiff O'Connell as another example, his MRD is scheduled by CDOC for March 17, 2016. He was sentenced on March 27, 2006 to a total of 13 years. As of the filing of this complaint, if he had received the amount of good time as proscribed by statute, he would have been released from prison on October 30, 2011. Thus, he has been retained contrary to the laws of the State of Colorado, and in contravention of his US constitutional rights, for 1,221.81 days in prison beyond his MRD.

39. With regard to Plaintiff Rutschman he remains incarcerated at Delta Correctional Facility. He was sentenced on June 22, 2007 for a sentence of 11 years. Since his sentence was imposed he has spent 92 months in prison. If good time that he was entitled to receive had been properly applied his MRD would have been July 5, 2011 as compared to the stated MRD by CDOC of November 3, 2015.

## FIRST CLAIM FOR RELIEF
### Willful and Wanton Neglect, or Misconduct, by a Public Officer
### to Perform His Duties to such a Degree as to Amount to an Abuse of the
### Public's Trust in the Office Holder

40. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth
    herein.

41. Upon the event of a citizen being sentenced by a court, certain powers and duties are invested
    by the State to CDOC. These powers and duties include medical care, transportation,
    laundry, food, access to visitation, and the proper maintenance, organization and monitoring
    of the date when an inmate is eligible for parole, community corrections application, and
    MRD.

42. As AR 950-05 states inmates are prohibited from directly contacting Time Comp. Thus, the
    keeper of the keys, so to speak, is CDOC itself.

43. CDOC has a duty, express and implied, to the inmates to release them at the appropriate
    time, as clearly established by Colorado law.

44. CDOC could foresee that its conduct would breach this duty. Notwithstanding this
    foreseeability, they have summarily denied their duties.

45. Additionally, each and all of the executive directors of CDOC, as public officers, willfully
    and wantonly neglected to perform their duties. This neglect occurred to such a degree as to
    amount to an abuse of the public's trust in the office holder. This is true, even if there is any
    semblance of reasonable excuse or justification.

46. Based upon the duty, the foreseeability of their breaches, the inmates have obviously been damaged as a direct cause of the breach. Inmates who are unable to be released at the appropriate time lose days of their lives, not enjoying the liberty of freedom.

47. The direct causation of the breach by CDOC causes inmates to miss funerals of loved ones, marriages of their children, civil court dates, and due to a lengthier than is mandated, the loss of parental rights, among many other demonstrable losses incurred due to CDOC's malfeasance.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### Fourth Amendment – Unlawful Seizure
### (Against All Defendants)

48. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

49. At this time, some of the Plaintiffs are being held beyond their MRD. Some inmates may not be held past their MRD, but are still, nevertheless, entitled to the application of good time.

50. These claims form the basis for a motion to certify a class of such inmates currently incarcerated at CDOC, as detailed in Ankeney. At all times relevant to this Complaint, Defendants acted under color of state law in their capacities as executive directors of the CDOC.

51. The actions of Defendants as described herein, while acting under color of state law, intentionally deprived Plaintiffs and all those similarly situated of the securities, rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

52. The Defendants' conduct deprived the Plaintiffs of their right to freedom from unlawful seizure as guaranteed by the Fourth Amendment to the Constitution of the United States of America and 42 U.S.C. § 1983. The Defendants unlawfully held Plaintiffs and all others similarly situated inmates beyond their MRDs and SDDs, without probable cause or reasonable suspicion to believe they had committed any offense which would have permitted this additional, and continuous, incarceration.

53. This theory applies to those former inmates who have been released in the ordinary course of their incarceration, and have either been processed through the community corrections and parole procedures, or only parole, and are not either on parole or past parole.

54. Defendants' actions were objectively unreasonable in light of the circumstances confronting them. C.R.S. § 17-22.5-301(1) and (3) are statutory schemes promulgated and passed in the Colorado legislature. These laws are binding upon CDOC.

55. Defendants intentionally, knowingly, recklessly, and excessively restrained, detained, and falsely imprisoned Plaintiffs without any reasonable suspicion or probable cause or any court order permitting such incarceration.

56. Time Comp as a department of CDOC acts without any meaningful monitoring by any agency other than CDOC. CDOC, the various executive directors named herein, and the state of Colorado are responsible for the willful, malicious, and reckless conduct of Time Comp from 1993 to today.

57. Defendants' conduct violated Plaintiffs' clearly established rights of which reasonable prison officials knew or should have known. Time Comp is asked routinely to evaluate and maintain records for earned time and good time – in essence, it is their mission statement.

58. Plaintiffs have been and continue to be damaged by Defendants' false arrest/unlawful seizure of them.

59. The acts or omissions of each Defendant, including the unconstitutional policy, procedure, custom, and/or practice described herein, were the legal and proximate cause of Plaintiffs' actual injuries, damages, and losses in an amount to be proven at trial.

60. Each, and all, of the Defendants in this case personally and individually was charged with faithfully executing the laws of the State of Colorado and applying all statutorily mandated credits to every Plaintiff.

61. All defendants personally and individually adopted a custom, practice or policy of ignoring the mandates of the law and ordering that inmates not be released despite having enough earned and good time credits to warrant their release from prison, or a reduction in custody level or receiving programming available from CDOC.

62. Defendants' conduct violated Plaintiffs' clearly established rights of which reasonable employees of Time Comp knew or should have known.

63. Plaintiffs have been and continue to be damaged by Defendants' false arrest and/or unlawful seizure of them.

### THIRD CLAIM FOR RELIEF
### (Cruel and Unusual Punishment)
### (Eighth Amendment Violations – all Defendants)

64. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

65. Each and all of the Defendants were acting under color of state law in their actions and omissions which occurred at all times relevant to this case. Such actions and omissions describe deprivations of the procedural and substantive due process rights of the Plaintiffs as well as those other present and former inmates of CDOC similarly situated.

66. Defendants acted in such a way that they held and retained the Plaintiffs and all prisoners of similar circumstances beyond their MRD and or SDD. In doing so, the Defendants have inflicted cruel and unusual punishment upon the Plaintiffs. This conduct by the Defendants is in violation of the Eighth Amendment to the United States Constitution.

67. The acts or omissions of each and all the Defendants, including the unconstitutional policy, procedure, custom, and practice of cruel and usual punishment were the actual and proximate cause of Plaintiffs' injuries, damages, and losses in an amount to be proven at trial.

68. Plaintiffs have been and continue to be damaged by the Defendants' imposition of this cruel and usual punishment.

## FOURTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### (Procedural and Substantive Due Process)
### (Fourteenth Amendment Violations -- all Defendants)

69. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

70. Each and all of the Defendants were acting under color of state law in their actions and inactions which occurred at all times relevant to this action.

71. Plaintiffs and all others similarly situated former or existing inmates of CDOC have a protected liberty interest in freedom from incarceration by the State except upon conviction after a trial that complies with all constitutional requirements.

72. Plaintiffs and all others similarly situated former or existing inmates of CDOC have a legitimate expectation that CDOC will comply with the laws of the State of Colorado in granting them PED, MRD and SDD at the time authorized by the law.

73. Plaintiffs and all others similarly situated former or existing inmates of CDOC have a liberty interest in having the Defendants correctly calculate their PEDs, MRDs and SDDs. as their ability to obtain freedom and be released from incarceration is at stake.

74. By failing to follow the statutes of the State of Colorado, each and all the Defendants, as detailed above, was acting recklessly, knowingly, intentionally, willfully and wantonly, and played a

personal and essential role in ensuring that Plaintiffs' incarceration, and all others similarly situated, continued beyond what it statutorily should have been.

75. The Defendants' actions and omissions described herein were recklessly, knowingly, intentionally, willfully and wantonly caused damage to the Plaintiffs. Such actions and omissions describe deprivations of the procedural and substantive due process rights of the Plaintiffs as well as those other present and former inmates of CDOC similarly situated.

76. The actions by Defendants described herein deprived all Plaintiffs and those similarly situated the opportunity to obtain less secure housing assignments, discretionary parole release, educational and program opportunities which had their time been correctly calculated would have been available to them.

77. The actions of the Defendants in miscalculating time computations for all Plaintiffs and all others similarly situated is so egregious and are so shocking to the judicial conscience, that they constituted deprivation of Constitutional dimension.

78. Defendants were the policy makers of CDOC and were therefore responsible for the implementation and execution of all of the laws of the State of Colorado relating to their duties as Executive Directors of the CDOC. They each officially and individually, recklessly, knowingly, intentionally, willfully and wantonly, participated in, knew of, condoned and/or approved the wrongful miscalculations of MRDs described herein, with the intent and understanding to bring about Plaintiffs and those similarly situated, unconstitutional continued confinement.

79. Given the long-term and widespread nature of the acts described herein, each Defendant knew of a substantial risk to Plaintiffs and all others similarly situated unconstitutional incarceration.

80. As described above, Defendants had long-standing, department-wide customs, policies, and/or actual practices that allowed the acts described in this Complaint to occur.

81. The customs, policies, and/or actual practices that allowed the unconstitutional incarceration of Plaintiffs and all others similarly situated, described herein, were necessarily consciously approved by Defendants and represent a deliberate choice to follow a course of action made from among various alternatives, and were the moving force behind the constitutional violation at issue.

82. The acts or omissions, of each Defendant, including the polices, customs, and/or actual practices described above, were the legal and proximate cause of Plaintiffs' and all others similarly situated unconstitutional confinement, causing injuries alleged herein.

### FIFTH CLAIM FOR RELIEF
**(Presentence Confinement Good Time)**
**(Eighth and Fourteenth Amendment Violations - All Defendants)**

83. Plaintiffs hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

84. Separate and apart from the good time which CDOC's department of Time Comp has willfully failed and refused, and continues to fail and refuse to properly maintain for the appropriate monitoring of CDOC inmate PED, MRD, and SDD, many of the inmates on Exhibit A, have also been denied Presentence Confinement Good Time.

85. As CRS 17-22.5-301 provides, so long as an inmate in a county jail does not violate any county rules and so long as they are ultimately sentenced to CDOC, they are entitled to their day for day time served, reduced from their ultimate sentence.

86. In addition, while incarcerated in a county jail either awaiting trial, or, after trial, awaiting sentence, a person ultimately sent to a CDOC facility is entitled to 15 days per month of good time while in the county jail.

87. The failure of CDOC to provide the statutorily authorized good time violates the Plaintiffs' rights under the Eighth and Fourteenth Amendments to the Constitution.

88. To the extent that either a county district court or the appropriate sheriff's department for a respective county jail has duties and responsibilities to provide the good time monitoring, as they are all instruments of the state, and as the state is a named Defendant, the state of Colorado is responsible and liable.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, and grant:

      a. Compensatory damages, including damages for emotional distress, humiliation, loss of enjoyment of life, post-traumatic stress disorder, and other pain and suffering on all claims allowed by law in an amount to be determined at trial from all Defendants named in their individual capacities;

b. Appropriate declaratory and other injunctive and/or equitable relief as to each Defendant in his official capacity;

c. Declaratory relief requiring that the State of Colorado, Department of Corrections, Time Computation Department recalculate all inmates' eligibility for parole, mandatory release, and statutory release as expeditiously as possible.

d. General and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial from all Defendants named in their individual capacities;

e. General and consequential damages for lost business opportunities, family engagements, and other significant milestones in life on all claims allowed by law in an amount to be determined at trial from all Defendants named in their individual capacities;

f. Any and all economic losses, founded in tort, constitutional law, or public policy for all claims from all Defendants named in their individual capacities;

g. Punitive damages on all claims allowed by law, and in an amount to be determined at trial from all Defendants named in their individual capacities;

h. Pre- and post-judgment interest at the lawful rate.

i.  Attorneys' fees and the costs associated with this action on all claims allowed by law; and

j.  Any further relief that this Court deems just and proper, and any other relief as allowed by law.

**PLAINTIFFS REQUEST A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

PLAINTIFFS
Arlene Rangel, Brian O'Connell, and Gregory Rutschman
By: Embry & Associates, LLC

Blake Embry
3619 W 32nd Ave, Suite 16
Denver, CO 80211
303 591 5204
blakeembry@blakeembrylaw.com