# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00527-RBJ-NYW

ARLENE ROSETTA-RANGEL,
BRIAN O'CONNELL, and
GREGORY RUTSCHMAN,

    Plaintiffs,

v.

STATE OF COLORADO,
RICK RAEMISCH,
ROGER WERHOLTZ,
TONY CAROCHI,
TOM CLEMENTS, by and through his ESTATE,
ARISTEDES ZAVARIS,
JOE ORTIZ, and
JOHN SUTHERS,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendants' Motion to Dismiss the Amended Complaint (Doc. 11) Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) ("Motion to Dismiss") [#25, filed June 22, 2015], which was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), the Orders of Reference dated April 2, 2015 [#10] and July 13, 2015 [#37], and the Memorandum dated June 26, 2016 [#31]. For the reasons set out below, this court respectfully **RECOMMENDS** that the Motion to Dismiss be **GRANTED**.

I.      FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Arlene Rosetta-Rangel, Brian O'Connell and Gregory Rutschman (collectively, "Plaintiffs") filed the initial Complaint in this case on March 13, 2015.[1] [#1]. Plaintiffs then filed an Amended Complaint on April 2, 2015. [#11]. The Amended Complaint avers that the Plaintiffs are or were inmates incarcerated within the Colorado Department of Corrections ("CDOC"). [#11 at ¶ 12]. Plaintiff Arlene Rosetta-Rangel currently lives in Littleton, Colorado. [#11 at ¶ 1]. Plaintiffs Brian O'Connell and Gregory Rutschman were inmates within the CDOC at the time the Amended Complaint was filed. [#11 at ¶¶ 2-3].

Plaintiffs' allegations in the Amended Complaint, which are to be considered true for the purposes of considering the instant Motion to Dismiss, include the following. Under Colorado law, almost all inmates of the CDOC are entitled to be credited days off of their sentences. [#11 at ¶ 22]. This time includes presentence confinement time which an inmate serves while awaiting trial or after trial while awaiting sentencing. [*Id.* at ¶ 23]. The CDOC has a Time Computation ("Time Comp") department which monitors and applies "good time" and "earned time" to each inmate's sentence. [*Id.* at ¶ 30]. While incarcerated, inmates are not allowed to contact Time Comp. [*Id.*]. The Colorado District Courts, supported by the inaccurate and insufficient information and tracking by the Time Comp department, do not credit inmates with Presentence Confinement Good Time and the time they serve in county jails. [*Id.* at ¶ 32].

---

[1] Plaintiffs have named as many as 222 additional individuals as prospective class action Plaintiffs in this case, *see* [#11 at 1 n.1]; however, as of the date of this Recommendation, the Honorable R. Brooke Jackson has not ruled on Plaintiffs' motion to certify this case as a class action. *See* [#2]. Accordingly, this Recommendation only pertains to the Plaintiffs who are presently named and proper parties at this time.

Plaintiffs' Amended Complaint includes four claims for relief. The first claim alleges "willful and wanton neglect, or misconduct, by a public officer to perform his duties to such a degree as to amount to an abuse of the public's trust in the office holder." [#11 at 7]. In this claim, Plaintiffs allege that the CDOC has a duty to inmates to release them at the appropriate time, as clearly established by Colorado law, CDOC could foresee that its conduct would breach this duty, and it summarily denied and willfully and wantonly neglected to perform this duty. [#11 at ¶¶ 33-40]. The harm Plaintiffs allege from this breach include that inmates who are unable to be released at the appropriate time lose days of their lives and are unable to enjoy the liberty of freedom. [#11 at ¶ 39]. Plaintiffs further allege that the breach by CDOC "causes inmates to miss funerals of loved ones, marriages of their children, civil court dates, and due to a lengthier than is mandated, the loss of parental rights, among many other demonstrable losses incurred due to CDOC's malfeasance." [#11 at ¶ 40].

Plaintiffs' second claim alleges violation of the Fourth Amendment's prohibition on unlawful seizures under 42 U.S.C. § 1983. [#11 at 8]. Plaintiffs allege that some of the named Plaintiffs are being held by the CDOC beyond their Mandatory Release Dates ("MRD") and that others that are not being held past their MRD are nevertheless entitled to the application of Presentence Confinement Good Time and their day-for-day time spent in county jail. [#11 at ¶ 42]. Plaintiffs allege that Defendants, acting under color of law, intentionally deprived Plaintiffs of their right to freedom from unlawful seizure under the Fourth Amendment by unlawfully holding Plaintiffs beyond their MRDs and Statutory Release Dates ("SRD") without probable cause or reasonable suspicion to believe they had committed any offense which would have permitted this additional incarceration. [#11 at ¶¶ 44-45].

Plaintiffs' third claim alleges Defendants violated Plaintiffs' Eighth Amendment rights to be free from cruel and unusual punishment by holding and retaining Plaintiffs beyond their MRDs and/or SRDs. [#11 at 11]. Plaintiffs' fourth claim alleges Defendants deprived them of procedural and substantive due process under the Fourteenth Amendment by holding them beyond the time that they should have been held if the Defendants had properly calculated their release dates. [#11 at 13-14].

## II. STANDARD OF REVIEW

### A. Fed. R. Civ. P. 12(b)(1)

Under Fed. R. Civ. P. 12(b)(1), a court may dismiss a complaint for "lack of subject matter jurisdiction." When a court dismisses a case under Rule 12(b)(1), this is not a determination on the merits of the case, but only a decision that the court lacks the authority to adjudicate the action. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court that lacks jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiffs in this case bears the burden of establishing that this Court has jurisdiction to hear their claims.

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack. *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001); *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). "In reviewing a facial attack on the

complaint, a district court must accept the allegations in the complaint as true." *Holt*, 46 F.3d at 1002. However, mere conclusory allegations of jurisdiction are insufficient. *Groundhog v. Keeler,* 442 F.2d 674, 677 (10th Cir. 1971). Nevertheless, "a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." *Id.* As explained in the *Holt* case, "the jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Holt*, 46 F.3d at 1002.

   **B.**   **Fed. R. Civ. P. 12(b)(6)**

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding such a motion, the court must "accept as true all well pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). However, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). As the Tenth Circuit explained in *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007), "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these

claims." The plaintiff must frame a complaint with enough factual matter, when taken as true, to suggest that he or she is entitled to relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## ANALYSIS

"When a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction." *Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (D. Kan. 1996) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). Accordingly, the court will address Defendants' jurisdictional arguments first.

**I.   This Court's Subject Matter Jurisdiction**

   **A.   Eleventh Amendment Immunity – Claims for Monetary Damages or Retrospective Injunctive Relief from the State of Colorado and Defendants in Their Official Capacities**

Defendants first argue that to the extent Plaintiffs seek monetary damages or retrospective injunctive relief from the State of Colorado and the other named Defendants in their official capacities, their claims are barred under the Eleventh Amendment. [#25 at 3]. Plaintiffs respond by arguing that they do not seek monetary damages or retrospective injunctive relief against the State of Colorado or the individuals in their official capacities. [#50 at 4-5]. Instead, Plaintiffs state that they only seek "monetary damages and other relief" from the individually-named Defendants in their individual capacities. [*Id.* at 5].

The Eleventh Amendment prohibits federal courts from entertaining suits "commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Even though the clear language does not so provide, the Eleventh Amendment has been interpreted to bar a suit by a citizen against the citizen's' own State in Federal Court." *AMISUB (PSL), Inc. v. Colo. Dep't of Soc. Servs.*, 879 F.2d 789, 792 (10th Cir. 1989) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)). Accordingly, "the Eleventh Amendment bars a suit brought in federal court by the citizens of a state against the state or its agencies," *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) (citing *Pennhurst*, 465 U.S. at 100), "'whether the relief sought is legal or equitable.'" *Id.* (quoting *Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994)). "Defendants argue that the Eleventh Amendment of the United States Constitution bars all of Plaintiffs' claims against the State of Colorado. They are correct." *Am. Tradition Inst. v. Colorado*, 876 F. Supp. 2d 1222, 1236 (D. Colo. 2012).

Plaintiffs' Amended Complaint names as Defendants the State of Colorado, Rick Raemisch, Roger Werholtz, Tony Carochi, Tom Clements (by and through his estate),[2] Aristedes Zavaris, Joe Ortiz, and John Suthers. [#11 at ¶¶ 4-11]. Mr. Raemisch is the current Executive Director of the Colorado Department of Corrections ("CDOC"), and all of the other individually-named Defendants are former Executive Directors of the CDOC. [*Id.*]. It is well-settled that a claim against a defendant is his official capacity is, for all intents and purposes, a claim against the State. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 90 (1989) ("[W]e have recognized that an official-capacity action is in reality always against the State . . ."). The relief

---

[2] Tom Clements was the former Executive Director of the CDOC whose untimely death in March 2013 pre-dates the commencement of this lawsuit.

requested in the Amended Complaint includes various forms of monetary damages from all Defendants in their individual capacities, declaratory and other injunctive and equitable relief from all Defendant in their official capacities, and declaratory relief from the State of Colorado. [#11 at 15-17]. The court, however, accepts Plaintiffs' statement in their Response as a binding judicial admission that "Plaintiffs do not seek monetary damages or retrospective injunctive relief as against Colorado or the individuals in their official [sic] capacities." [#50 at 5]. It is not entirely clear to the court why the State of Colorado has been named as a defendant to this action, but this court finds that Plaintiffs have failed to establish that the State of Colorado has waived its Eleventh Amendment immunity as to any of the four claims asserted by the Amended Complaint. *See Griess v. State of Colorado*, 841 F.2d 1042, 1044 (10th Cir. 1988). Accordingly, this court respectfully recommends that the State of Colorado be dismissed from this action.

The court turns next to Plaintiffs' claims for declaratory relief against Defendants in their official capacities. Under a narrow exception to the Eleventh Amendment bar of suits against a state or its agencies, referred to as the *Ex parte Young* doctrine, the Eleventh Amendment "does not bar a suit against state officials in their official capacities if it seeks prospective relief for the officials' ongoing violation of federal law." *Harris v. Owens*, 264 F.3d 1282, 1290 (10th Cir. 2001); *see also Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012) ("[F]or the *Ex parte Young* exception to apply, plaintiffs must show that they are: (1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief.") (citing *Chaffin v. Kan. State Fair Bd.,* 348 F.3d 850, 866 (10th Cir. 2003); *Lewis v. N.M. Dep't of Health,* 261 F.3d 970, 975 (10th Cir. 2001)). Defendant Rick Raemisch

8

is the current Executive Director of the CDOC. *See* [#11 at ¶¶ 5-11]. Accordingly, the only claims against him that can survive Eleventh Amendment scrutiny are ones seeking prospective relief. *Harris*, 264 F.3d at 1290; *Muscogee (Creek) Nation*, 669 F.3d at 1167.

Defendants Werholtz, Carochi, Clements (by and through his estate), Zavaris, Ortiz, and Suthers are all former Executive Directors of the CDOC. *See* [#11 at ¶¶ 6-11]. Despite what they plead in their Amended Complaint [#11 at 15], Plaintiffs concede that they cannot seek retrospective injunctive relief as against the former Executive Directors of the CDOC in their official capacities. [#50 at 5]. Nor can Plaintiffs seek prospective injunctive relief against these former Executive Directors when these individuals no longer hold that office. Therefore, this court recommends dismissal of all official capacity claims directed at the former Executive Directors of the CDOC, Defendants Werholtz, Carochi, Clements (by and through his estate), Zavaris, Ortiz, and Suthers.

### B. CGIA – State Law Tort Claim

Plaintiffs' first claim for relief arises under state law for "willful and wanton neglect, or misconduct, by a Public Officer to Perform His Duties to such a Degree as to Amount to an Abuse of the Public's Trust in the Office Holder." [#11 at 7]. As pled, this claim sounds in tort and is directed toward Defendants' actions as "public officers" [*id.* at ¶ 38] and claims a "breach by CDOC" resulting in losses incurred due to "CDOC's malfeasance." [*Id.* at ¶¶ 38, 40]. Defendants argue that "Plaintiffs fail to state a viable claim for willful and wanton neglect or misconduct" because Defendants have not waived sovereign immunity and Plaintiffs did not file the required notice of intent to sue. [#25 at 7].

9

Insofar as Plaintiffs' claim for willful and wanton neglect survives the application of the Eleventh Amendment, this court agrees that it is barred by the Colorado Governmental Immunities Act ("CGIA"). The CGIA applies to tort cases brought against Colorado public entities and employees, and waives sovereign immunity in certain circumstances. Colo. Rev. Stat. § 24-10-106(1). The question of whether governmental immunity under the CGIA has been waived is one of subject matter jurisdiction. *See Carriker v. City and Cty of Denver, Colorado*, No. 12-cv-2365-WJM-KLM, 2014 WL 3608596, at *2 (D. Colo. July 22, 2014) (citing *Trinity Bd. of Denver, Inc. v. City of Westminister*, 848 P.2d 916, 925 (Colo. 1993) (en banc)). As discussed above, Plaintiffs bear the burden of establishing that Defendants have waived their sovereign immunity so that their state law tort claim can proceed.

By its plain terms, the CGIA waiver of sovereign immunity does not apply to claimants who have been convicted of a crime and incarcerated in a correctional facility or jail pursuant to such conviction. Colo. Rev. Stat. § 24-10-106(1.5); *see Montoya v. Newman*, -- F. Supp. 3d --, 2015 WL 4456194, at *19 (D. Colo. 2015). There is no dispute that Plaintiffs' alleged injuries arose from their incarceration subsequent to a conviction. Accordingly, the plain language of the CGIA provides that "a public entity shall be immune from liability in all claims for injury which lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant as provided otherwise in this section," and "the waiver of sovereign immunity created in paragraphs (b) and (3) of subsection (1) of this section does not apply to claimants who have been convicted of a crime and incarcerated in a correctional facility or jail pursuant to such conviction, and such correctional facility or jail shall be immune from liability as set forth in subsection (1) of this section." Colo. Rev. Stat. § 24-10-106(1), (1.5).

In addition, even if their claim for willful and wanton neglect could somehow be viable, there is no dispute that Plaintiffs have failed to file the required notice, which is a jurisdictional prerequisite to suit. *See Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 839-40 (10th Cir. 2003); *Trinity*, 848 P.2d at 923. Plaintiffs' arguments to the contrary, *see* [#50 at 12-13], fail to persuade this court that it may exercise subject matter jurisdiction over Plaintiffs' claim for willful and wanton neglect against any Defendant presently named in this case.

On the basis of the foregoing, this court concludes that it lacks subject matter jurisdiction over Plaintiffs' claims: (1) brought pursuant to 42 U.S.C. § 1983 against the State of Colorado; (2) brought pursuant to 42 U.S.C. § 1983 for injunctive relief (whether retrospective or prospective) against Defendants Werholtz, Carochi, Clements (by and through his estate), Zavaris, Ortiz, and Suthers; and (3) brought under state tort law for willful and wanton neglect.[3] Plaintiffs also concede that they are not seeking monetary damages or retrospective injunctive relief against any Defendant, including the current Executive Director of the CDOC, Mr. Raemisch.

---

[3] To the extent that Judge Jackson finds that dismissal of the § 1983 claims is appropriate and this court does not lack subject matter jurisdiction over Plaintiffs' state law claim for willful and wanton neglect, the court may still decline jurisdiction over it pursuant to 28 U.S.C. § 1367(c)(3) (a district court may decline jurisdiction over a supplemental state law claim where "the district court has dismissed all claims over which it has original jurisdiction.") As the Tenth Circuit has held, "[i]f federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" *Bauchman v. West High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350; *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Courts in this circuit "generally decline to exercise pendent jurisdiction in such instances because '[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.'" *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995).

Therefore, this court proceeds to its analysis under Rule 12(b)(6) of the Federal Rules of Civil Procedure as to the only surviving claims: Plaintiffs' § 1983 claims for monetary relief against the individual Defendants in their individual capacities and Plaintiffs' § 1983 claims against Mr. Raemisch in his official capacity for prospective injunctive relief.[4]

## II.  Constitutional Claims for Wrongful Confinement

Defendants' next argument is that Plaintiffs cannot seek injunctive relief for wrongful confinement in this action pursuant to 42 U.S.C. § 1983 because these claims challenge the fact or duration of their confinement, requiring them to bring the claims through federal habeas corpus, pursuant to the Supreme Court's decision in *Preiser v. Rodriguez*, 411 U.S. 475 (1973). [#25 at 4]. Accordingly, Defendants contend that these claims must be brought in a federal habeas corpus action and must first be exhausted in state court. [*Id.*]. Plaintiffs respond by arguing that "[n]o Plaintiff is seeking release from custody in this action, any sooner than as authorized by law, and as warranted." [#50 at 6]. According to Plaintiffs, they "seek in the form of an Order from this Court that CDOC has denied the Plaintiffs due process by *de facto* failing and refusing to monitor and credit presentence confinement time otherwise belonging to Plaintiffs, without any due process of law, through their own incompetence and indifference resulting in inmates being held incarceration longer than legally authorized." [*Id.*].

In *Preiser v. Rodriguez*, the Supreme Court recognized that its earlier decisions "establish that a § 1983 action is a proper remedy for a state prisoner who is making a constitutional

---

[4] It also appears that any claim for prospective injunctive relief brought by Ms. Rosetta-Rangel against Defendant Raemisch would be moot. The Amended Complaint indicates that she "lives in Littleton, Colorado," in contrast to Plaintiffs O'Connell and Rutschman who are identified as "inmates." [#11 at ¶¶ 1-3]. Any § 1983 claims asserted by Ms. Rosetta-Rangel for prospective injunctive relief are moot, in light of her release. *See White v. State of Colorado*, 82 F.3d 364, 366 (10th Cir. 1996).

challenge to the conditions of his prison life . . ." 411 U.S. 475, 499 (1973). However, the Supreme Court found that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or *a speedier release* from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500 (emphasis added); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

Here, in the Amended Complaint Plaintiffs specifically characterize the time that they allege Defendants refuse to credit them with as time that "should be deducted from an inmate's sentence." [#11 at ¶¶ 24-25]. Plaintiffs also characterize this time as time that should be "a credit against their sentence." [#11 at ¶ 28]. Plaintiffs' Amended Complaint is replete with statements regarding how the presentence time they say they are or were not credited with would result in days off of their sentences and how the deprivations they seek to have remedied would have allowed them earlier release from incarceration. *See, e.g.*, [#11 at ¶¶ 22-32]. And Plaintiffs state in their opposition to the Motion to Dismiss that they "seek in the form of an Order from this Court that CDOC has denied the Plaintiffs due process by *de facto* failing and refusing to monitor and credit presentence confinement time otherwise belonging to Plaintiffs, without any due process of law, through their own incompetence and indifference *resulting in inmates being held incarceration longer than legally authorized*." [#50 at 6 (emphasis added)]. Despite Plaintiffs' characterization otherwise, the court concludes that from the facts pled in the

13

Amended Complaint and their own characterization of the relief they seek, Plaintiffs' claims are directed to the fact or duration of their confinement and should therefore be brought in a federal habeas corpus proceeding.

The court does not endeavor to address the legal correctness of Plaintiffs' characterization of "good time" credits in the Amended Complaint as time that should be deducted from the end of an inmate's sentence. *See Ankeney v. Raemisch*, 344 P.3d 847, 855 (Colo. 2015) (en banc) (characterizing "good time" credit under a certain statutory scheme as applied to an inmate's parole eligibility date, not his mandatory release date). Nor will the court attempt to reconstruct the Amended Complaint or make legal arguments not advanced by Plaintiffs in an attempt to look past the fact that Plaintiffs clearly state in the Amended Complaint and in their opposition to the Motion to Dismiss that they seek remedies for errors by the CDOC that allegedly caused the length of their confinement to be extended. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself"); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that the court has no obligation to make arguments or perform research on behalf of litigants). The court only considers whether Plaintiffs have satisfied their burden to establish that federal jurisdiction is appropriate, and concludes, based on the facts as pled, they have not.

For the foregoing reasons, the court recommends dismissal of Plaintiffs' constitutional claims, as pled in the Amended Complaint, for prospective injunctive and declaratory relief against Defendant Rick Raemisch in his official capacity.

### III.  Constitutional Claims Against Defendants in Their Individual Capacities

This court further recommends dismissal of the constitutional claims on the basis that the Amended Complaint does not adequately allege the personal participation of each of the individually-named Defendants. Section 1983 allows an injured person to seek damages for the violation of her federal rights against a person acting under color of state law, in his individual capacity. *See* 42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 48 (1988). Vicarious or strict liability of a supervisor is inapplicable for § 1983 claims. *Iqbal*, 129 S. Ct. at 1948-49; *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). It is well-settled that "[a] defendant cannot be liable under § 1983 unless personally involved in the deprivation." *Olsen v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (citation omitted).

To state a cognizable claim for a constitutional violation pursuant to 42 U.S.C. § 1983, Plaintiffs must explain (1) what a defendant did to them; (2) when the defendant did it; (3) how the defendant's action harmed them; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). To establish personal participation, Plaintiffs must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Over time, the Tenth Circuit came to interpret the "affirmative link" to require three elements: (1) personal involvement, (2) sufficient causal connection, and (3) culpable state of mind. *See Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (citations omitted).

Here, Plaintiffs' Amended Complaint fails for multiple reasons. First, the Amended Complaint fails to indicate the particular constitutional violation that affected any particular Plaintiff. Instead, the Amended Complaint speaks generally that "some of the Plaintiffs are being held beyond their MRD [mandatory release date]. Some inmates may not be held past their MRD, but are still, nevertheless, entitled to the application of Presentence Confinement Good Time and their day for day time spent in County Jail." *See e.g.*, [#11 at 8]. Similarly, even when Plaintiffs allege that "Plaintiff Rosetta-Rangel spent one year in county jail prior to being sentenced," Plaintiffs fail to identify when that occurred, and what specific legal right the defendant violated. [*Id.* at ¶ 27]. This is particularly relevant because the nature of criminal sentencing in Colorado has undergone several dramatic changes, and without more specific allegations, this court cannot assess which specific legal right would even be applicable to a certain Plaintiff. *See Ankeney*, 344 P.3d at 847 (discussing the various statutory schemes for parole eligibility and discharge from custody).

Moreover, nothing in the Amended Complaint states which of the individually-named Defendants were in service as the Executive Director(s) of the CDOC when any of the three named Plaintiffs were allegedly denied the proper calculation/application of their presentence confinement time. None of the allegations in the Amended Complaint, except for the ones that simply identify the individual Defendants, refer to the individual Defendants separately. Instead, the allegations of the Amended Complaint refer to the individual Defendants collectively. For instance, the Amended Complaint states that these individuals, as Executive Directors, were "responsible to implement all CDOC's practices, protocols and policies. Such practices,

protocols and policies included the application of earned time and good time reductions to the inmates' time computations required by law and as applied to all CDOC inmates." [#11 at ¶ 16].

Defendants' tenures as Executive Directors of the CDOC did not overlap and span more than twenty-two years, but the Amended Complaint does not even attempt to explain which of the Defendant(s) held that position when each Plaintiff alleges that she or he did not receive credit for presentence confinement time. The Amended Complaint provides no particularity in identifying any specific "practices, protocols, or policies," the time period any such "practice, protocol, or policies" were in place, and how a particular individual Defendant implemented such "practice, protocol, or policy." There are also no allegations that the individual Defendants knew of the issues that Plaintiffs complain of, either on an individual or global basis. Even taken as true, Plaintiffs' allegations as set forth in the Amended Complaint are inadequate to establish an "affirmatively link" between any of these seven Defendants to a particular constitutional violations that each of the named Plaintiffs allegedly suffered.

Without some factual allegations establishing "an affirmative link" between specific Defendants and the constitutional violations Plaintiffs allege, this court concludes that as pled, Plaintiffs fail to state a cognizable § 1983 claim against any of the Defendants in his individual capacity. Accordingly, this court recommends dismissing the constitutional claims in the Amended Complaint for failure to state a cognizable claim. *See Iqbal*, 129 S. Ct. at 1949.

## CONCLUSION

For the foregoing reasons, this court respectfully **RECOMMENDS** that Defendants' Motion to Dismiss the Amended Complaint (Doc. 11) Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) [#25] be **GRANTED**.[5]

DATED: January 28, 2016                         BY THE COURT:

                                                s/Nina Y. Wang_____
                                                United States Magistrate Judge

---

[5] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).